MAYNARD'S MOTOR EQUIPMENT CO. *vs.* DOMENICA SCOTTI.

APRIL 8, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J.   This is an action on book account.   The jury returned a verdict for the plaintiff for $307.96 and the case is before us on defendant's exceptions as follows:   To the refusal of the trial justice to submit to the jury a special finding as requested and to an instruction given to the jury.

Witnesses for the plaintiff testified that the defendant's son, who was the owner of a motor truck, was unable to obtain credit with the plaintiff for repairs to the truck and for oil and gasoline to be used in the truck and that the defendant came to the plaintiff's place of business and requested that all bills for repairs to and supplies for the truck be charged to her.   The defendant denied that she either made such request or promised, either expressly or impliedly, to pay such bills.   The main issue in the case was clearly stated by the trial justice to be as follows: "whether an agreement was entered into between Domenica Scotti, the mother of Pasquale Scotti, and the Maynard Motor Equipment Company that all work that was done and supplies furnished by the Motor Equipment Company should be charged to her."   The defendant requested the trial justice to direct the jury to make a special finding in answer to the following question:   "Did the defendant, Domenica Scotti, order and direct the Maynard Motor Equipment Company to do work on the truck?"   The request was refused and said justice instructed the jury as follows:   "Now, I will say to you, Gentlemen, that it is absolutely immaterial, whether she directed . . . what work should be done on the truck, that is not necessarily an issue in this case."

It was proper to refuse the request and the instruction was without error.   A finding that the defendant did not order the work done would have had no effect upon the verdict.   The question was whether she requested that the labor and supplies ordered by the son be charged to her. The jury found in the affirmative and it is not urged that the

verdict was against the evidence. Section 6, Chap. 341, G. L. 1923, provides that the court, upon the request of either party, shall "direct the jury to return a special verdict upon any issue submitted to the jury." In *Williams* v. *Allen*, 44 R. I. 14, it was held that "it is not the right of a party to have a special finding on every issue in the case" and that it was not error to refuse to submit special findings where the decision of such proposed issues would not be decisive of plaintiff's rights nor necessarily affect the general verdict. To the same effect see *Reid* v. *R. I. Co.*, 28 R. I. 321; 38 Cyc. 1910, 1911.

Both of the defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Robinson & Robinson, Joseph E. Adelson*, for plaintiff.

*Peter W. McKiernan, John C. Going, Ernest L. Shein*, for defendant.